*Falodun v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty.

Present:     PIERRE N. LEVAL,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

_____

BRIGHT IDADA FALODUN,

                 *Petitioner*,

        v.                                                    17-1813

WILLIAM P. BARR, UNITED STATES ATTORNEY
GENERAL,

                 *Respondent.*

_____

For Petitioner:              MARK I. SALVACION, PRIME Ecumenical Commitment to Refugees, Lansdowne, PA

For Respondent:              RUSSELL J.E. VERBY, Senior Litigation Counsel (Joseph H. Hunt, Assistant Attorney General, and Shelley R. Goad, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of

Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Bright Idada Falodun seeks review of a June 2, 2017 BIA decision, which dismissed his appeal of a decision of an Immigration Judge ("IJ") that denied Falodun's motion to terminate removal proceedings as a U.S. citizen and ordered removal to Nigeria. *Matter of Falodun*, 27 I. & N. Dec. 52 (BIA 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the petitioner claims to be a national of the United States," we review "the pleadings and affidavits" to determine if a "genuine issue of material fact about the petitioner's nationality is presented." 8 U.S.C. § 1252(b)(5)(A). If no genuine issue of material fact is presented, we "decide the nationality claim." *Id.* If, however, such an issue exists, we "transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim." *Id.* § 1252(b)(5)(B). To evaluate whether a genuine issue of material fact is presented, we apply the same principles employed when reviewing a grant of summary judgment. *See Agosto v. INS*, 436 U.S. 748, 754 (1978).

Citizenship is derived automatically when all the conditions for derivative citizenship are met. *See Langhorne v. Ashcroft*, 377 F.3d 175, 177–78 & n.2 (2d Cir. 2004) (discussing former derivative citizenship provision at 8 U.S.C. § 1432, *repealed by* Children Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631 (2000)). Individuals who obtain citizenship derivatively may apply for a certificate of citizenship, which serves as evidence of status but does not itself confer citizenship. *See Watson v. United States*, 865 F.3d 123, 128–29 (2d Cir. 2017) ("[A] certificate of citizenship" is "a document that evidences the bearer's U.S. citizenship."). Issuance

2

and cancellation of a certificate of citizenship is governed by 8 U.S.C. §§ 1452(a) and 1453, respectively.

In 1998, Falodun received a certificate of citizenship based on the INS's finding that Falodun derived U.S. citizenship under 8 U.S.C. § 1432(a) (1994). Specifically, the INS believed that Falodun had been adopted by Williams Falodun, who immigrated to the United States and naturalized while Falodun was a minor. Falodun followed Williams, becoming a lawful permanent resident in 1996.

That certificate was subsequently canceled when the agency concluded that Falodun had misrepresented the nature of his relationship with Williams. Specifically, the INS concluded that Williams was actually Falodun's brother; that his true father, David, was still alive in Nigeria; and that the purported adoption of Falodun by Williams was a sham. The INS based this conclusion in large part on evidence gathered during Falodun's prosecution for fraud and other crimes in the District of Minnesota. Following Falodun's conviction, the government initiated removal proceedings. Falodun asserted that he is a U.S. citizen, but the IJ and BIA rejected this claim as insufficiently supported. On appeal, Falodun asserts that he is entitled to a hearing before a district court to adjudicate his citizenship. *See* 8 U.S.C. § 1252(b)(5)(B). Under the specific circumstances of this case, we disagree.

The undisputed facts establish that Falodun never obtained derivative citizenship. Under the version of the statute in effect when Falodun purportedly became a citizen, *see Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005), derivative citizenship applied "to an adopted child only if the child [was] residing in the United States *at the time of naturalization of [his] adoptive parent or parents, in the custody of his adoptive parent or parents, pursuant to a lawful admission for permanent residence.*" 8 U.S.C. § 1432(b) (1994) (emphasis added). Falodun's purported

3

adoptive father, Williams, was naturalized on April 19, 1995, and Falodun did not arrive in the United States or obtain lawful permanent resident status until the following year. Thus, there is no genuine issue of material fact as to Falodun's nationality. Falodun was not "residing in the United States at the time of naturalization of [his] adoptive parent," so he never satisfied the statutory requirements for citizenship. Accordingly, he is not, and never was, a U.S. citizen.

For the foregoing reasons, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4